## No. 278

### CINCIN. TRAC. CO. v. RESHING

No. 19658. Supreme Court

On motion to certify. Dock. March 3, 1926; 4 Abs. 176.

**225. CHARGE TO JURY**—Where the charge is both correct and incorrect upon any one issue, has prejudicial error (465) been committed?

Edward Reshing brought this action originally in the Hamilton Common Pleas against The Cincinnati Traction Co. for personal injuries resulting from alleged negligence on the part of the Company. The judgment of the Common Pleas in favor of Reshing was affirmed by the Court of Appeals.

Edward Reshing was a passenger in a truck which was being driven southwardly on the west side of Freeman Avenue, Cincinnati. The truck stopped upon arriving at Eighth Street and a collision between the truck and a street car occurred after the truck had proceeded to the center of Eighth Street.

The Court charged the jury in part as follows:

"It is your function to determine whose negligence it was that caused this collision. Somebody's negligence caused this collision, so whose was it, is the inquiry for you to answer. Was it entirely the Traction Company's? Was it entirely the driver's? Was it the negligence of both the motorman of the defendant's car and the truck driver concurring, happening at the same time, that was the cause of this collision?"

Reshing claims that this charge is clearly erroneous. The law of negligence was stated correctly in other parts of the charge.

Reshing, in the Supreme Court, contends that even though the court charged the jury correctly as to the law of negligence, that prejudicial error was committed by the above quoted statement to the jury.

Attorneys—John M. McCaslin, for Traction Co.; N. Klein & W. W. Symmes, for Reshing; all of Cincinnati.

## No. 279

### CESA v. CAIN

No. 19628. Supreme Court

On motion to certify. Dock. Feb. 16, 1926; 4 Abs. 128.

**887. PARTIES**—May a court, after execution has been issued upon a default judgment and the writ returned unsatisfied, change the Christian name of the judgment debtor from a false to the true one?

John Cain filed suit in the Cuyahoga Common Pleas for alleged personal injuries received by being struck by a negligently driven truck, and named the defendant as Carmino Cesa. The sheriff's return shows service made at the usual place of residence of the defendant.

Judgment was rendered by default for $3500 and a writ of execution issued thereon was returned unsatisfied. Subsequently the court purporting to act on motion of Cain (no such motion appearing filed or among the original papers in the case) found Carmino Cesta to have been sued by the wrong name, but personally served with summons and made an order substituting his name for that of Domina Cesa wherever the latter appeared in the petition and summons and that the name of Carmino Cesa may be used for said defendant in all further proceedings in the action.

It is alleged that the substitution was not only ex parte but wholly without any notice to Carmino Cesa.

After discovery by Carmino Cesa of said order purporting to substitute him as defendant to said judgment, he filed a motion to vacate said order and entered his appearance solely for the purpose of said motion challenging the jurisdiction of the court over his person to make said substitution. The motion was filed at the same term of court at which said substitution was made and upon the overruling of the motion a petition in error was filed within 18 days thereafter.

Cain, during the pendency of the error proceeding, filed a motion to dismiss the same on the ground that the court was without jurisdiction for the reason that said error proceeding was not filed within 70 days of the order of substitution. The Court of Appeals sustained this motion.

Cesa, in the Supreme Court, contends:

1. That the Appeals erred in dismissing said error proceeding.

2. That the Common Pleas erred in making its order of substitution.

3. That error was committed in overruling the motion to vacate the order of substitution.

Attorneys—W. H. McMorris and Edward J. Parker for Cesa; Payer, Winch, Minshall & Karch for Cain; all of Cleveland.